I cannot say that, as a matter of law, Ecolab's actions were justified. It appears to me that the trier of the facts must determine whether Ecolab was using bona fide business competition for legitimate economic motives. If so, its actions were justified. However, the trier of the facts could determine, from the evidence that was before the trial court when it entered the summary judgment, that Ecolab was maliciously abusing a lawful privilege. One might conclude that Machiavelli's Prince would be alive and well and residing in Alabama if, under this Court's interpretation of § 768 of theRestatement (Second) of Torts (1977), malicious abuse of the lawful privilege of competition is not the equivalent of the "employ[ment of] wrongful means." Therefore, the issue of justification in this case should be an issue for the jury to resolve. Browning-Ferris Industries v. Kelco Disposal, Inc.,492 U.S. 257, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989); St.Louis-San Francisco Ry. v. Wade, 607 F.2d 126, 133 (5th Cir. 1979); Byars v. Baptist Medical Center, Inc.,361 So.2d 350, 356 (Ala. 1978). Therefore, I concur with the majority's resolution of this issue.
However, as to the claims presented by Ecolab against the Soap Company and Anderson, I believe the trial court correctly entered the summary judgment. Viewing the evidence in the light most favorable to Ecolab, I think it is clear that the discarded documents were left in a common trash dumpster located in a parking lot used by several other tenants in the building besides Ecolab.
In California v. Greenwood, 486 U.S. 35, 108 S.Ct. 1625,100 L.Ed.2d 30 (1988), the United States Supreme Court reasoned that a person has no legitimate expectation of privacy in trash he voluntarily turns over to a third party (i.e., the trash collector). Trash left on the street is accessible to "animals, children, scavengers, snoops, and other members of the public."486 U.S. at 40, 108 S.Ct. at 1628-1629.
In this case, the trash dumpster was located outside, in a parking lot next to the building; the parking lot was used by all the tenants in the building, and all the tenants placed their trash in this same common dumpster. Trash was placed in the dumpster for the purpose of conveying it to the trash collector. Additionally, Ecolab's office lease did not give Ecolab a possessory interest in the parking lot. Therefore, Ecolab and Todd's claims of trespass and conversion must fail.
As to the alleged violation of the Trade Secrets Act, Ecolab failed to make a reasonable effort under the circumstances to maintain the secrecy of any of the documents. As mentioned, Ecolab placed its trash (the documents it now argues are secret), unshredded, in a common dumpster located outside in a parking lot next to the building where it leased space. I think that Ecolab's reliance on Drill Parts Service Co. v. JoyManufacturing Co., 439 So.2d 43 (Ala. 1983), in support of its trade secrets claim, is misplaced, *Page 1373 
because that case was decided before Greenwood and before the passage of the Trade Secrets Act.
I would affirm the summary judgment on the trade secrets claim; therefore, I dissent as to this issue.
MADDOX, J., concurs.